WILLIAM G. MONTGOMERY
MARICOPA COUNTY ATTORNEY
By:      M. Colleen Connor (Bar No. 015679)
         Deputy County Attorneys
         MCAO Firm No. 0003200
CIVIL SERVICES DIVISION
222 N. Central Avenue, Suite 1100
Phoenix, Arizona  85004
Telephone (602) 506-8541
Facsimile (602) 506-8567
connorc@mcao.maricopa.gov
ca-civilmailbox@mcao.maricopa.gov
Attorney for Defendant Fontes

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| League of United Latin American Citizens Arizona; Arizona Students' Association; et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Michele Reagan, in her official capacity as Secretary of State of Arizona; Adrian Fontes, in his official capacity as Maricopa County Recorder,<br><br>Defendants. | No. 2:17-cv-04102-DGC<br><br>**MARICOPA COUNTY RECORDER'S ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
|---|---|

Defendant Adrian Fontes, in his official capacity as Maricopa County Recorder, by and through undersigned counsel, admits, denies, and affirmatively alleges as set forth below.  To the extent Defendant does not specifically answer or respond to an allegation contained in Plaintiff's Complaint, she specifically denies those allegations set forth therein.

## INTRODUCTION

1.    Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraphs 1 and 2 of the Complaint.

2.    Defendant admits the first sentence in Paragraph 3 of the Complaint states legal conclusions, and as such does not require an answer.  In reference to the second sentence in Paragraph 3, Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation of a violation of a court order.

3.    Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraphs 4, 5, and 6 of the Complaint.

## JURISDICTION AND VENUE

4.    Defendant admits the allegations in Paragraphs 7, 8, 9, 10 and 11 of the Complaint.

## FACTS

5.    Defendant admits the facts as set forth in Paragraphs 15 - 20 of the Complaint.

6.    Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 21 of the Complaint.

7.    Defendant admits the facts as set forth in the first three sentences of Paragraph 22, but Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in the last two sentences in Paragraph 22 of the Complaint.

8.    Defendant admits the facts as set forth in Paragraphs 23 and 24 of the

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
222 N. CENTRAL AVENUE, SUITE 1100
PHOENIX, ARIZONA 85004

Complaint.

9. Defendant denies that the "manual instructs registrars to disregard State Form applications completely if they do not contain" satisfactory proof of citizenship in Paragraph 25. As for the rest of Paragraph 25, Defendants admits the language quoted is contained within the current Election Procedures Manual, and the Manual speaks for itself.

10. Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation in Paragraph 26 of the Complaint on what would constitute a "meaningful difference between the information provided" the two different forms. Defendant admits the facts contained in the last sentence in Paragraph 26 of the Complaint.

11. Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraphs 27, 28, 29 and 30 of the Complaint.

12. Defendant admits the allegations in Paragraph 31 to the extent that the State Form does not reference the Federal Form, and that the State Form requires satisfactory proof of citizenship, but denies the remaining allegations in Paragraph 31.

13. Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation in Paragraph 32 of the Complaint as to whether voters are aware of the Federal Form.

14. Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraphs 33 - 39 of the Complaint.

15. Defendant is without sufficient knowledge or information to form a belief

about the truth of the allegation in Paragraph 40 of the Complaint.

16.     Defendant admits the allegations made in Paragraphs 41 and 42 of the Complaint.

17.     Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation in the first sentence in Paragraph 43 of the Complaint on what is a "commonsense policy," but admit the remaining allegations in that Paragraph.

18.     Defendant admits the allegations made in Paragraph 44 of the Complaint.

19.     Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation in Paragraph 45 of the Complaint

20.     Defendant admits the allegations made in Paragraph 46 of the Complaint.

21.     Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation in Paragraph 47 of the Complaint that approximately 26,000 voters were disenfranchised.

22.     Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation in Paragraph 48 of the Complaint that 8,000 voters were disenfranchised, but admits that previously rejected voter registration forms were matched with MVD data as being U.S. citizens.

23.     Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 49 of the Complaint on what is "Reagan's manual" or whether other county recorders attempt to match MVD data on citizenship.

24.     Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation in Paragraphs 50 - 52.

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
222 N. CENTRAL AVENUE, SUITE 1100
PHOENIX, ARIZONA 85004

25.     Defendant admits the allegation in Paragraph 53 to the extent that A.R.S. § 16-166 requires a voter that moves to another county to provide satisfactory evidence of citizenship, but is without sufficient information or belief about the truth of the availability of proof of citizenship from another county recorder.

26.     Defendant admits part of the allegation in Paragraph 54 that some voters who fail to provide satisfactory proof of citizenship must resubmit a voter registration form, but denies that all registrants who fail to provide satisfactory proof of citizenship are required to resubmit a new voter registration form. Defendant is without sufficient information or belief about the truth of the allegation made in the last sentence of that same Paragraph.

27.     Defendant is without sufficient information or belief about the truth of the allegation made in Paragraph 55 due to its lack of specificity on the policy referenced.

28.     Defendant admits the allegations in Paragraph 56 to the extent that draft policy speaks for itself and denies the remaining allegations in that Paragraph.

29.     Defendant is without sufficient information or belief about the truth of the allegation made in Paragraph 57 due to its lack of specificity on "constitutional harms" and its speculation that voters will be disenfranchised.

30.     Defendant is without sufficient information or belief about the truth of the allegation made in Paragraph 58.

31.     Defendant admits the factual information about Plaintiff LULAC contained in Paragraphs 59 – 63.

32.     Defendant is without sufficient information or belief about the truth of the

allegations made in Paragraphs 64 – 67.

33.    Defendant admits the factual information about Plaintiff ASA contained in Paragraphs 68 and 70.

34.    Defendant is without sufficient information or belief about the truth of the allegations made in Paragraphs 69 - 74.

35.    The allegation in Paragraph 75 of the Complaint concerns Defendant Reagan and Defendant Adrian Fontes need not respond.

36.    Defendant admits the allegation made in Paragraph 76.

37.    Paragraphs 77 and 86 repeat and incorporate the preceding allegations and Defendant repeats and incorporates the preceding answers as though fully set forth herein.

38.    Defendant admits the allegations made in Paragraphs 78 and 79.

39.    Paragraphs 80 - 85 of the Complaint state a legal conclusion and does not require an answer.  To the extent an answer is required, the allegations are denied.

40.    Paragraphs 87 and 88 of the Complaint state a legal conclusion and does not require an answer.  To the extent an answer is required, the allegations are denied.

41.    Paragraph 89 contains Plaintiffs prayers for relief and do not require an answer.  Defendant Adrian Fontes is a nominal party in this matter and does not take a position on the merits. As such, Defendant should not be responsible for any award of attorneys' fees or costs.

## **AFFIRMATIVE DEFENSES**

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendant hereby reserves the right to set forth affirmatively any of the following defenses that may be

6

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
222 N. CENTRAL AVENUE, SUITE 1100
PHOENIX, ARIZONA 85004

justified by the evidence discovered:  estoppel, laches, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense.

Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, Defendants hereby reserve the right to set forth affirmatively any of the following defenses that may be justified by the evidence discovered:

1.    Lack of jurisdiction over the subject matter.

2.    Lack of jurisdiction over the person.

4.    Insufficiency of process.

5.    Insufficiency of service of process.

6.    Failure to state a claim upon which relief can be granted.

RESPECTFULLY SUBMITTED this 29th day of November 2017.

WILLIAM G. MONTGOMERY
MARICOPA COUNTY ATTORNEY

BY: /s/ M. Colleen Connor
M. COLLEEN CONNOR
Deputy County Attorney
*Attorney for Defendant Fontes*

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
222 N. CENTRAL AVENUE, SUITE 1100
PHOENIX, ARIZONA 85004

7

**CERTIFICATE OF SERVICE**

I hereby certify that on November 29, 2017, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a notice of electronic filing to the following CM/ECF registrants:

Spencer G. Scharff at scharff@goddardlawplc.com

Danielle Lang at dlang@campaignlegalcenter.org

Ezra D. Rosenberg at erosenberg@lawyerscommittee.org

Andrew W. Schwartz at schwartz@smwlaw.com

Luis Roberto Vera, Jr., at lrvlaw@sbcglobal.net

Manuel G. Escobar, Jr., at escobarm1@aol.com

Adav Noti at anoti@campaignlegalcenter.org

J. Gerald Hebert @ ghebert@campaignlegalcenter.org

Jon Marshall Greenbaum @ jgreenbaum@lawyerscommittee.org

Mark P. Gaber @ mgaber@campaignlegalcenter.org

Paul M. Smith @ psmith@campaignlegalcenter.org

Stephanie L. Safdi @ safdi@smwlaw.com

Winter King @ king@smwlaw.com

David Andrew Timchak @ davidt@wb-law.com

Dennis Ira Wilenchik @ diw@wb-law.com

John Douglas Wilenchik @ jackw@wb-law.com

Joseph Eugene LaRue @ Joseph.LaRue@azag.gov

Kara Karlson @ Kara.Karlson@azag.gov

/s/ Tyna M. Garcia

S:\CIVIL\CIV\Matters\EC\2017\LULAC V. Reagan EC2017-0002\Answer To Complaint 112917.Docx

MARICOPA COUNTY
ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
222 N. CENTRAL AVENUE, SUITE 1100
PHOENIX, ARIZONA 85004