Kathleen E. Brody (Bar No. 026331)
Darrell L. Hill (Bar No. 030424)
American Civil Liberties Union of Arizona
3707 North 7th Street, Suite 235
Phoenix, AZ 85014
Tel.: (602) 650-1854
kbrody@acluaz.org
dhill@acluaz.org

Theresa J. Lee* (NY Bar No. 5022769)
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
tlee@aclu.org

*Attorneys for Third Party Movant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____
                                              )
League of United Latin American   )
Citizens Arizona; Arizona Students')
Association,                              )
                                              )   No. 2:17-cv-04102-DGC
        Plaintiffs,                       )
                                              )   **MOTION TO COMPEL**
v.                                          )   **COMPLIANCE WITH CONSENT**
                                              )   **DECREE**
Michele Reagan, in her official       )
capacity as Secretary of State of Arizona;)
Adrian Fontes, in his official         )   (Expedited Relief Requested)
capacity as Maricopa County Recorder )
                                              )
        Defendants.                     )
_____)

        Luis Cisneros is a United States citizen and Arizona resident, who meets all the

qualifications to vote in Arizona.  Mr. Cisneros is exactly the sort of Arizona voter who the

Consent Decree in this action was intended to protect.  He moves this Court to enforce the June

18, 2018 Consent Decree entered by all parties and the Court.  He moves the Court to restore him to be a Full Ballot Voter and to have his voter registration be deemed to have occurred on October 8, 2018, the date on which he originally submitted his voter registration.  He also moves the Court to order that all individuals who are similarly situated have their provisional ballots counted if they show their proof of citizenship to the County Recorder before the time for verification of provisional ballots, ten days after the election.  As verification of provisional ballots must occur within 10 calendar days of the election, Friday, November 16, 2018, Mr. Cisneros seeks emergency expedited action on this Motion.

**STATEMENT OF FACTS**

In November 2017, the League of United Latin American Citizens Arizona ("LULAC-Arizona") and the Arizona Students' Association ("ASA") brought suit in this Court challenging Arizona's dual registration scheme, which treated Arizonans differently merely based on which voter registration form they happened to use, as an unconstitutional burden on the right to vote and as a violation of the Equal Protection Clause.  Complaint, ECF No. 1.  Rather than fight over this scheme, the State—recognizing that current technology allows for identical treatment of the various methods of voter registration—agreed to enter into the Consent Decree now at issue.  Joint Motion for Entry of Consent Decree at 3, ECF No. 36.  This Court entered the Consent Decree on June 18, 2018, mandating how certain voter registration scenarios were to be treated.  Consent Decree, ECF No. 37.

The Consent Decree, among other things, recognized that certain driver licenses were enrolled in the Motor Vehicle Division ("MVD") system with a presumption that their holders were not United States citizens ("F-type license").  *Id.* at Definitions ¶ 11.  This is pertinent to

the question of voter registration because Arizona law requires a completed voter registration form to contain the individual's Arizona driver license or nonoperating identification license number or last four digits of the individuals Social Security Number.  Ariz. Rev. Stat. § 16-121.01(A).  This driver license number is then used to check citizenship against the MVD database for certain registrants to satisfy the requirements of Proposition 200, Arizona's documentary proof of citizenship ("DPOC") law.  As the parties to this litigation were aware of the use of the MVD database in this way and aware that certain driver licenses were of a type that would not lead to citizenship confirmation through the MVD, the Consent Decree addresses this situation.  Consent Decree, Order ¶¶ 2(d)(i), 3.  The Consent Decree provides that if the check against the MVD database indicates that someone who registered to vote using the State Form has an "F-Type" license, this will be flagged for the County Recorder.  *Id.* ¶ 2(d)(i).  The Recorder is then to notify the would-be voter and "shall also inform the applicant that the applicant can provide valid DPOC to the County Recorder in order to become a Full Ballot Voter."  *Id.*  This notification is to be accompanied by the DPOC form contemplated in the Consent Decree, which allows for the submission of DPOC without requiring completion of a whole new voter registration form.  *Id.*  The Consent Decree also requires that applicants who have submitted their voter registration 29 days before the election and their DPOC by 5:00 p.m. local time on the Thursday before the election "will be made Full Ballot Voters by the County Recorder and may vote in the upcoming election as a Full Ballot Voter."  *Id.* ¶ 3(A).  "The registrations of such applicants shall be deemed to have occurred on the date that they originally submitted their State Form application."  *Id.*

3

Prior to any of that, Mr. Cisneros naturalized in 2014, becoming a United States citizen after having been a permanent resident.  Declaration of Theresa J. Lee in Support of Mr. Cisneros's Motion to Compel ("Lee Decl.") Ex. G (Declaration of Luis Cisneros ("Cisneros Decl.") ¶ 2).  He has been a resident of Arizona since 2001.  *Id.* ¶ 1.  After becoming a citizen, he registered and voted in the 2016 election in Cochise County, Arizona, where he lived at the time.  *Id.* ¶ 3.

Around the same time that the Consent Decree was being entered, in the summer of 2018, Mr. Cisneros moved to his current residence in Pima County, Arizona.  *Id.* ¶ 4.  Upon learning that he had to re-register since he had moved counties, on October 8, 2018, Mr. Cisneros went to the Pima County Recorder's Office in order to register in time for the November 2018 election. *Id.* ¶ 5; Ariz. Rev. Stat. § 16-120(A).  At the Recorder's Office, he filled out a voter registration form and submitted it in-person.  While there, he was told he only needed his driver license in order to register to vote, so he provided his license to the staff along with his completed voter registration form.  Cisneros Decl. ¶ 5.  He received a receipt copy of the completed voter registration form he had submitted with the notation "Saw AZ DR. LIC. 10/8/18" in the corner. Lee Decl. Ex. B.  Based on this, Mr. Cisneros understood that he was registered to vote in time for the 2018 November election, and was excited to do so.  Cisneros Decl. ¶ 8.

On October 21, 2018, upon returning home from a week-long vacation, Mr. Cisneros discovered a letter from the Pima County Recorder's Office which he understood to mean that he was not registered because he was not eligible to vote because he was not a United States citizen.  *Id.* ¶ 6.  The letter indicated that he had to submit a new voter registration form, which had to be received no later than 29 days before the election.  Lee Decl. Ex. D.  At this point, it

was after the voter registration deadline for the November 2018 election.  The next day, eager to resolve the problem, Mr. Cisneros went to the Pima County Recorder's Office again to discuss the letter that he had received.  Cisneros Decl. ¶ 7.  There, he was told that his account was "flagged" because the MVD communicated to the Pima County Recorder's Office that he was not a U.S. citizen.  *Id.*  After finding out this information, Mr. Cisneros showed the Pima County Recorder's Office representative his United States passport.  After viewing his passport, the staff member registered Mr. Cisneros to vote.  He received a receipt copy of the completed voter registration form he had submitted with the notation "passport presented @ EV site Eastside JM 10/22" in the corner.  Lee Decl. Ex. C.  However, he was told that he was not eligible to vote in the 2018 general election as his registration was "too late."  Cisneros Decl. ¶ 11.  As he knew he had first registered before the voter registration deadline, Mr. Cisneros still cast a provisional ballot during early vote on October 22, 2018, with the hope that the problem would be resolved and his ballot counted.  *Id.* at 12.

**ARGUMENT**

## I.    Mr. Cisneros and Others Similarly Situated Arizonans Can Enforce the Consent Decree

### A.    Arizonans Who Submit Voter Registration Forms Are the Intended Beneficiaries of the Consent Decree

"In construing consent decrees, courts use contract principles."  *Hook v. Ariz. Dep't of Corr.*, 972 F.2d 1012, 1015 (9th Cir. 1992).  Someone is an intended beneficiary under a contract—consent decree—if they can "show that the contract was made for its direct benefit." *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999), *opinion amended on denial of reh'g*, 203 F.3d 1175 (9th Cir. 2000); *see also Marques v. Wells*

*Fargo Home Mortg., Inc.*, No. 09-cv-1985-L(RBB), 2010 WL 3212131 at *3 (S.D. Cal. Aug. 12, 2010) (considering the same with respect to a consent decree).  "The intended beneficiary need not be specifically or individually identified in the contract, but must fall within a class clearly intended by the parties to benefit from the contract."  *Klamath Water*, 204 F.3d at 1211.

The parties to the Consent Decree intended that it "benefit Arizona's citizens."  Consent Decree at 3.  The State entered into the Consent Decree in order "to serve Arizona's citizens" and "making the voter registration process using the State Form easier."  *Id.* at Preliminary Recitals ¶ 8.  And beyond the generic public benefit, the terms of the Consent Decree confer clear specific rights upon Arizonans who submit a voter registration form.  Pertinent to the situation here, the Consent Decree provides an express benefit to voters who have an F-type driver license and submitted a State voter registration form—that is, they can submit their proof of citizenship up until 5:00 p.m. on Election Day in order for their voter registration be restored to the date at which they first registered, and they "may vote in the upcoming election as a Full Ballot Voter."  Consent Decree at Order ¶¶ 2(d)(i), 3(A).  The specifics of the rights of specific voters to be enrolled and exercise their right to vote in an upcoming election demonstrates that they were intended to be beneficiaries of the contract, unlike the incidental benefit to the public derived from other government contracts.[1]

---

[1] Nor is this a case where the contract disclaims conferral of rights on third parties.  *See, e.g.*, *United States v. FMC Corp.*, 531 F.3d 813, 821 (9th Cir. 2008) (finding certain parties not intended beneficiaries of Consent Decree which included the language: "Nothing in this Consent Decree is intended either to create any rights in or grant any cause of action to any person not a party to this Consent Decree, or to release or waive any claim, cause of action, demand, or defense in law or equity that any party to this Consent Decree may have against any person(s) or entity not a party to this Consent Decree.").

As the Consent Decree confers direct benefits—beyond a generalized benefit to the public—upon Mr. Cisneros and other similarly situated voters with F-type licenses, these would-be voters are the intended beneficiaries of the Consent Decree.

B.  Intended Beneficiaries May Enforce Consent Decrees

Under Ninth Circuit precedent, it is clear that intended third party beneficiaries may enforce consent decrees.  *United States v. FMC Corp.*, 531 F.3d 813, 820 (9th Cir. 2008); *see also* Fed. R. Civ. P. 71 ("When an order grants relief for a nonparty . . . , the procedure for enforcing the order is the same as for a party.").

Here, the Consent Decree confers rights upon "Applicants who submit their State Form application at least [29] days before an election . . . and whose valid DPOC . . . is received by their County Recorder by 5 p.m. local time on the Thursday before the election."  Consent Decree at Order ¶ 3(A).  It grants relief to Arizona voters who would otherwise be denied the right to vote based upon the information included in a database whose primary purpose is neither documenting citizenship or ensuring the right to vote.  As Mr. Cisneros is plainly such an Arizona voter, who was intended to benefit from the Consent Decree, he can enforce the Consent Decree.

**II.    Under the Terms of the Consent Decree, Mr. Cisneros and Others Similarly Situated Are Full Ballot Voters Entitled to Vote in the November 6, 2018 Election**

The situation faced by Mr. Cisneros when he tried to register and vote is exactly as contemplated in the Consent Decree, and the actions of the Pima County Recorder were wholly inconsistent with the governing provisions of the Decree.

On October 8, 2018, 29 days before the November 6, 2018 election and the last day that Arizonans could register to vote in order to be eligible to vote in that election, Mr. Cisneros went to the Pima County Recorder's Office and registered to vote in person using the State voter registration form.  Based on the letter received by Mr. Cisneros, Lee Decl. Ex. D, it appears that his is an F-type license so his voter registration was "flagged."  This is the scenario addressed in the Consent Decree Order at ¶ 2(d)(i).  Once this happened, under the terms of the Consent Decree, Mr. Cisneros should have been notified of this and that he could provide valid DPOC in order to become a Full Ballot Voter.  *Id.*  This notification was to be accompanied by the DPOC Submission Form.  *Id.*  Instead, Mr. Cisneros received a letter that directed him to fill out a new voter registration form, along with an admonition that this new form had to be received no later than 29 days before the election.  Lee Decl. Ex. D.  Of course, there was not sufficient time to return the completed voter registration form in time for the November 2018 election as Mr. Cisneros had registered in the first instance on the final day in order to be eligible for this election.

Responding as promptly as he could, on October 22, 2018, Mr. Cisneros went in person with his passport in order to prove his citizenship and have his voter registration restored.  Cisneros Decl. ¶¶ 7, 10.  Under the Consent Decree, the cut-off date to provide proof of citizenship if a voter registration was flagged by the MVD, for this election, was Thursday, November 1, 2018, at 5:00 p.m. local time.  Thus, when Mr. Cisneros brought his passport to the Recorder's Office, his voter registration date should have been entered as October 8, 2018, and he should have been made a Full Ballot Voter.  Consent Decree at Order ¶ 3(A).  Of course, Mr. Cisneros did not have the DPOC Submission Form contemplated in the Consent Decree.  This

was through no fault of his own as the Recorder's Office did not send him such a form as required under the Consent Decree, instead sending a new voter registration form.  In any event, at the very least, Mr. Cisneros must be made a Full Ballot Voter under ¶ 3(B).  Mr. Cisneros's passport information and the new voter registration form he submitted on October 22, 2018, certainly provide all of the possible information needed to link the presentation of his DPOC to the earlier submitted voter registration form.

Mr. Cisneros was not made a Full Ballot Voter in time for the November 2018 election. He did however still insist on voting a provisional ballot.  This ballot must be counted as Mr. Cisneros should already have been properly registered to vote in the current election.  The Secretary of State agrees with our analysis of the duties under the Consent Decree.  She "believes that Mr. Cisnero[s] acted appropriately and, pursuant to the Consent Decree, should have his vote counted."  Lee Decl. Ex. F.

In working to remedy this deprivation of rights, counsel for Mr. Cisneros became aware that there are likely numerous other voters who are in the same situation.  Lee Decl. ¶ 7.  While Mr. Cisneros insisted on pursuing his rights, there may be an untold number of would-be voters who received the same notification as did Mr. Cisneros, which was in violation of the Consent Decree in this case, and were dissuaded from continuing to register to vote or submit their DPOC because they believed it too late for this election.  Under the Consent Decree, it was the duty of the State to ensure that these Arizonans were given notice that they needed only submit DPOC and that if they did so by November 1, 2018, they would be registered and able to vote in this week's election.  For any voters, who like Mr. Cisneros, cast a provisional ballot despite the information given to them by the state, this Court should grant them the same relief here sought.

**CONCLUSION**

Based on the foregoing, Mr. Cisneros moves this Court to compel compliance with the Consent Decree.  He seeks to be restored to a Full Ballot Voter and to have his voter registration be deemed to have occurred on October 8, 2018, the date on which he originally submitted his voter registration.  He also moves the Court to order that all individuals who are similarly situated have their provisional ballots counted if they show their proof of citizenship to the County Recorder before the time for verification of provisional ballots, ten days after the election.

November 9, 2018

Theresa J. Lee* (N.Y. Bar No. 5022769)
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
tlee@aclu.org

*pro hac vice forthcoming*

Respectfully submitted,

/s Kathleen E. Brody
Kathleen E. Brody (Bar No. 026331)
Darrell L. Hill (Bar No. 030424)
American Civil Liberties Union of Arizona
3707 North 7th Street, Suite 235
Phoenix, AZ 85014
Tel.: (602) 650-1854
kbrody@acluaz.org
dhill@acluaz.org

*Attorneys for Third Party Movant*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **<u>CERTIFICATE OF SERVICE</u>**

I, Kathy Brody, hereby certify that this Motion to Compel Compliance with the Consent Decree was served upon all counsel of record in this case via ECF.

/s/ Kathy Brody
*Attorney for Third Party Movant*
*Luis Cisneros*