**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

_____

League of United Latin American
Citizens Arizona; Arizona Students'
Association,

    Plaintiffs,

v.

Michele Reagan, in her official
capacity as Secretary of State of Arizona;
Adrian Fontes, in his official
capacity as Maricopa County Recorder

    Defendants.
_____

No. 2:17-cv-04102-DGC

**DECLARATION IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH CONSENT DECREE**

1. I, Theresa J. Lee, declare that I am a Staff Attorney with the American Civil Liberties Union Foundation Voting Rights Project, and counsel to Third Party Movant, Luis Cisneros. I submit this declaration in support of Mr. Cisneros's Motion to Compel Compliance with the Consent Decree in the above-captioned case. Based upon my representation of Mr. Cisneros and work in this case, I have become familiar with and obtained knowledge of the documents that are attached to this declaration. The following facts are within my personal knowledge, and if called and sworn as a witness, I could and would testify competently to them.

1

2. Mr. Cisneros reached out to the ACLU of Arizona, an affiliate of the ACLU. My colleague and co-counsel in this matter, Darrell Hill of the ACLU of Arizona, reached out to me concerning Mr. Cisneros's issue.

3. After speaking with Mr. Cisneros on October 25, 2018, I drafted a letter concerning his situation and demanding that his voter registration be restored and his provisional ballot counted. This letter was transmitted to Secretary of State Michele Reagan, Director of Arizona Department of Transportation John S. Halikowski, and Pima County Recorder F. Ann Rodriguez on October 30, 2018 via e-mail and certified mail. A true and correct copy of this letter is attached as Exhibit A herein.

4. On Friday, November 2, 2018, Mr. Hill informed me that he had heard from Eric Spencer, the State Election Director, who agreed with our view of the situation as laid out in the letter, but that the Secretary of State's office does not have jurisdiction to overrule any decision by the Recorder's Office with regard to eligibility to cast a ballot.

5. On Monday, November 5, 2018, I spoke with Mr. Cisneros regarding this situation and asked him to provide me with copies of his voter registration receipts and the letter he had received from the Pima County Recorder's Office. An image of Mr. Cisneros's October 8, 2018 voter registration receipt is attached as Exhibit B herein. An image of Mr. Cisneros's October 22, 2018 voter registration receipt is attached as Exhibit C herein. An image of the letter Mr. Cisneros received from the Pima County Recorder's Office is attached as Exhibit D herein.

6. On Election Day, Tuesday, November 6, 2018, having not heard from Pima County Recorder Rodriguez, Mr. Hill re-sent a copy of the October 30, 2018 letter to an e-mail address we understood to be her personal email with a cover e-mail describing the contents thereof.

7. Concerned that it was Election Day and we had not heard anything, I called the Pima County Recorder's Office at 12:12 p.m. Eastern Time (10:12 a.m. Mountain Time). I spoke with Recorder Rodriguez. She informed me that she had received our letter. She indicated that she did not know what she was going to do with Mr. Cisneros's registration and ballot. She stated that she was going to deal with the "problem child" ballots "at the end." She indicated that there were a number of ballots in the same situation as Mr. Cisneros, and that she had to treat all of the ballots alike. I told her that we would, of course, like her to address the problem for all impacted voters. She stated that there were probably many voters in both Pima County and throughout Arizona facing the same issue because "immigration" does not tell naturalized citizens to go to the Motor Vehicle Division to update their citizenship status. I sought to find out what she would assess in determining whether these ballots would be counted. She could not or would not tell me her understanding of the *LULAC* Consent Decree. She could not or would not tell me when or how she was going to determine whether Mr. Cisneros's voter would be counted. She stated that she did not know when she was going to deal with these ballots.

8. Based on this phone call, we remained concerned that Mr. Cisneros's registration would not be deemed to have occurred on the date he originally submitted it and that his ballot would not be counted. We wrote Recorder Rodriguez a more detailed letter which the ACLU of Arizona paralegal sent via e-mail at 3:27 p.m. Mountain Time. A true and correct copy of that letter is attached here as Exhibit E.

9. We have received no reply from the Pima County Recorder.

10. I informed Counsel to the Plaintiffs in the above-captioned matter about our correspondence with the State and with the Pima County Recorder.

11. Mr. Scharff shared our correspondence with the Pima County Recorder with counsel for the Secretary of State through an e-mail on which I was copied. Mr. LaRue responded indicating the Secretary of State's agreement with our position. A true and correct copy of that e-mail is attached here as Exhibit F.

12. My client, Mr. Cisneros, completed a declaration swearing to the facts of his experience. His declaration is attached here as Exhibit G.

November 9, 2018

Theresa J. Lee

*Attorney for Third Party Movant*