**BARBARA LAWALL**
**PIMA COUNTY ATTORNEY**
**CIVIL DIVISION**
Daniel Jurkowitz, SBN 018428
Deputy County Attorney
32 North Stone Avenue, Suite 2100
Tucson, Arizona 85701
Telephone: 520-724-5700
Daniel.Jurkowitz@pcao.pima.gov
*Attorney for Pima County Recorder F. Ann Rodriguez*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| League of United Latin American Citizens Arizona; Arizona Students' Association,<br><br>Plaintiffs,<br><br>v.<br><br>Michele Reagan, in her official capacity as Secretary of State of Arizona; Adrian Fontes, in his official capacity as Maricopa County Recorder,<br><br>Defendants, | No. 2:17-cv-04102-DGC<br><br>**PIMA COUNTY RECORDER'S RESPONSE TO MOTION TO ENFORCE**<br><br>Assigned to:<br>Honorable David G. Campbell |

Without waiving any jurisdictional objections, the Pima County Recorder, F. Ann Rodriguez, makes a special appearance to respond to the Motion to Enforce and asks that the motion be denied as to the Pima County Recorder for the reasons set forth below.

/ / /

/ / /

/ / /

## I. Mr. Cisneros and the Pima County Recorder are both not parties to the case or the consent decree and the Court lacks personal and subject matter jurisdiction over them.

Neither Mr. Cisneros nor the Pima County Recorder were parties to this case. Accordingly, the Court did not have personal jurisdiction over the Pima County Recorder when the consent decree was ordered and the order does not directly bind the Pima County Recorder. F. R. Civ. P. 65(d)(2). The Pima County Recorder was not in active concert or participation with any of the parties and was not even consulted about resolution of the consent decree. Even if she was, "[a] district court cannot exercise personal jurisdiction over a nonparty…on the basis that the nonparty is acting 'in active concert or participation,' within the meaning of Fed.R.Civ.P. 65(d) with a party who is subject to an injunction, unless personal jurisdiction is established over the nonparty." *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 137 (2d Cir. 2014). That has not occurred. *See also Swetland v. Curry*, 188 F.2d 841, 843, (6th Cir. 1951) (not having been made a party to the injunction, county not bound in subsequent contempt proceedings); *Kean v. Hurley*, 179 F.2d 888 (8th Cir. 1950) (A judgment or decree for injunction is usually in personam and persons who are not parties to the injunction or in privity with them are not bound by the decree). The appropriate party to seek any relief from for any alleged violations of the consent decree would be the Arizona Secretary of State.

Mr. Cisneros relies upon F. R. Civ. P. 71 as the basis for hailing the Pima County Recorder into court to enforce the consent decree. A consent decree however "…represents a compromise between parties who have waived their right to litigation and, in the interest of avoiding the risk and expense of suit, have giv[en] up something they might have won had they proceeded with the litigation." *United States v. Armour & Co.,* 402 U.S. 673, 681 (1971). Accordingly, "…a consent decree is not enforceable

directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefited by it." *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750 (1975). Further, Mr. Cisneros, who is not a party, lacks standing to seek affirmative relief under the consent decree. *See e.g. Salter v. Douglas MacArthur State Technical College*, 929 F.Supp. 1470, 1481 (M.D. Alabama 1996).

**II.     The motion fails to state a claim upon which relief can be granted.**

In addition to the Pima County Recorder not being a party to the case or the consent decree, there is no case or controversy as there has been no violation of the consent decree. The consent decree directs a somewhat contradictory process where an applicant who holds an F-Type License, indicating non-citizenship, should be moved to a "not eligible" status and then county recorder should notify the applicant within 10 business days that, if this incorrect, the applicant can provide documentary proof of citizenship to the county recorder. Consent Decree (Dkt. 37) at 9. The delineated procedures, however, specifically refer to a person in "Fed Only Voter" status and do not refer to a person who has been placed in a "not eligible" status. Consent Decree (Dkt. 37) at 10-12. Nevertheless, it appears that an appropriate process occurred for Mr. Cisneros. The Pima County Recorder was notified by the Arizona Secretary of State that Mr. Cisneros had an F-Type License. Notice was sent to Mr. Cisneros and he presented documentary proof of citizenship and was registered as a Full Ballot Voter upon presentation of such. There is no language in the consent decree directing that this be other than a new registration for someone who was previously in "not eligible" status. However, the Pima County Recorder, in her discretion, allowed the registration to relate back to the date upon which Mr. Cisneros first applied as potentially contemplated by the process in paragraph 3 of the consent decree and verified his early ballot for counting. See attached Exhibit A, Affidavit of

Chief Deputy Recorder/Registrar of Voters Christopher Roads. Accordingly, even if the Court were to consider the merits of the motion, there is no relief to be granted.

### III. The motion is unnecessary and improper and the Court should issue sanctions.

As previously related, this motion against the Pima County Recorder is unnecessary and improper. Further, the Pima County Recorder provides online real-time updates to all early ballot processing activities and that information is available anytime at https://www.recorder.pima.gov/VoterStats/BallotInfo. Mr. Cisneros apparently declined to avail himself of this opportunity and chose to instead file this unnecessary and improper motion incurring expense for Pima County and wasting the Court's time. The Pima County Recorder respectfully requests that the Court issue an appropriate sanction for this unnecessary and improper litigation.

RESPECTFULLY SUBMITTED November 13, 2018.

BARBARA LAWALL,
PIMA COUNTY ATTORNEY

By: /s/ Daniel Jurkowitz
Daniel Jurkowitz,
Deputy County Attorney

# CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Danielle Lang
Paul M. Smith
J. Gerald Hebert
Adav Noti
Mark Gaber
CAMPAIGN LEGAL CENTER
1411 K Street NW Suite 1400
Washington, DC 20005
dlang@campaignlegalcenter.org
*Attorneys for Plaintiffs*

Joseph La Rue
Arizona Attorney General's Office
2005 North Central Avenue
Phoenix, AZ 85004
joseph.larue@azag.gov
*Attorney for Defendant Michele Reagan Secretary of State of Arizona*


Talia Offord
Deputy County Attorney
Maricopa County Attorney's Office
301 West Jefferson Street
Phoenix, AZ 85003
offordt@mcao.maricopa.gov
*Attorneys for Defendant Adrian Fontes, Maricopa County Recorder*

By: /s/ Katherine T. Syverson